IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cr-00272 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| EVANDER FOSTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Evander Foster is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before the Court is his motion to dismiss the indictment on Second Amendment grounds in light of recent Supreme Court case *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [148] is denied.

**Background**

Foster's criminal record reflects a felony conviction under Illinois law for armed robbery with a dangerous weapon, for which he was sentenced to 10 years in prison. *See* Dkt. 15. Foster was on parole for this conviction at the time of the instant offense. *Id.*

On or about June 1, 2020, during the civil unrest in Chicago, Foster, as seen on bank security footage, entered the Providence Bank & Trust located on the 7800 block of South State Street in Chicago. Foster was captured on bank security footage attempting to gain access to an ATM outside of the bank. When officers with the Chicago Police Department ("CPD") arrived at the bank to disperse the crowd, Foster fled. Approximately ten minutes later, CPD officers saw Foster walking approximately one block north of the Providence Bank & Trust, in the bank's direction. The officers attempted to make contact with him, but Foster again fled. As he fled, officers observed

Foster throw an object onto the northbound I-94 ramp. Defendant was subsequently apprehended, and officers retrieved the thrown item: a loaded firearm.

As a result, the government charged Foster with unlawful possession of a firearm by a felon in violation of § 922(g)(1) and entering a bank with the intent to commit bank larceny in violation of 18 U.S.C. § 2113(a). Foster now moves to dismiss the indictment as unconstitutional in light of *Bruen*, 142 S. Ct. 2111.[1]

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

In *Bruen*, the Supreme Court established a framework for analyzing whether a challenged firearm regulation violates the Second Amendment. First, *Bruen* instructs courts to determine whether the Second Amendment's plain text covers an individual's conduct. If it does, the conduct is "presumptively protect[ed]," and the government bears the burden of demonstrating that the

---

[1] The Court finds it is important to note the parties' excessive briefing on an issue that has been extensively litigated across this district. The defendant's 12-page motion elicited a 50-page response (73 pages with exhibits) from the government, which in turn elicited a 34-page reply. The Court strongly encourages the parties to review the time and effort spent in regurgitating similar arguments, and to consider ways to advocate their positions more efficiently. Such excessive briefing burdens not only this Court and its staff, but our entire judicial system.

challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30.

This Court recently issued opinions on identical § 922(g)(1) challenges that discussed this standard. *See United States of America v. Dionte Vaughns*, No. 22-CR-00636, 2023 WL 8258575 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States of America v. Tyriiq Washington*, No. 23-CR-00274, 2023 WL 8258654 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States of America v. Darrell Griffin*, No. 21-CR-00693, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023) (Coleman, J.) In each opinion, this Court held that that felons are included in "the people" protected by the Second Amendment. *Vaughns*, 2023 WL 8258575, at *4; *Washington*, 2023 WL 8258654, at *4; *Griffin*, 2023 WL 8281564, at *4. Furthermore, the Court held that the well-established record of British loyalist law supplies a sufficient historical tradition to support enforcement of Section 922(g)(1). *Vaughns*, 2023 WL 8258575, at * 8; *Washington*, 2023 WL 8258654, at *8; *Griffin*, 2023 WL 8281564, at *8. The Court adopts and incorporates the reasoning of those opinions.

Foster's arguments are virtually identical to those made in opinions above. Thus, this Court will not revisit the prior holdings as to the finding that Section 922(g)(1) is facially constitutional.

In support of its argument that Foster demonstrates a risk of violence, the government notes that Foster has an extensive criminal history including a felony conviction under Illinois law for armed robbery with a dangerous weapon. There is no dispute that this type of evidence the government has advanced may be considered by the Court in determining whether a defendant demonstrates a risk of violence. Indeed, this criminal record more than supports a finding of dangerousness. In addition to his felon-in possession charge, Brown is charged with entering a bank with the intent to commit bank larceny in violation of 18 U.S.C. § 2113(a). Notably, the present charges occurred while Brown was on parole for his recent felony conviction for armed robbery with a dangerous weapon. Based on this evidence, the Court finds that Foster's criminal record and

3

the circumstances of his arrest support a finding that he poses a risk to public safety such that he cannot be trusted to use a weapon responsibly. Thus, this Court finds that as applied to Foster's Section 922(g)(1) is constitutional.

**Conclusion**

The felon firearm-dispossession statute, 18 U.S.C. § 922(g)(1), does not violate the Second Amendment as applied to Foster. Thus, the motion to dismiss is denied.

**IT IS SO ORDERED.**

Date: 1/24/2024                              Entered: _____
                                                            SHARON JOHNSON COLEMAN
                                                            United States District Judge